CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 31 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADIB EDDIE RAMEZ MAKDESSI, | ) | CASE NO. 7:11CV00262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| HAROLD W. CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Adib Eddie Ramez Makdessi, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Makdessi alleges that during his incarceration at Wallens Ridge Correctional Center,[1] the defendant prison officials failed to protect him from violence at the hands of other inmates, in violation of his constitutional rights. The defendants have moved for summary judgment on the ground that Makdessi failed to exhaust administrative remedies before filing this lawsuit as required under 42 U.S.C. § 1997e(a). Makdessi has responded to the defendants' motions, making the matter ripe for disposition. After reviewing the record, the court concludes that the motions for summary judgment under § 1997e(a) for failure to exhaust must be denied.

I

In Makdessi's original complaint, he alleged that the defendant prison officials placed him in a cell with a known gang member who stabbed him in December 2010; that after being informed of the stabbing, officers left Makdessi in the cell with the gangster, who sexually assaulted and beat him for three hours on December 21, 2010, while officers patrolled the area without intervening; and that a letter Makdessi sent to the warden was provided to gang

---

[1] Makdessi is now incarcerated at Keen Mountain Correctional Center.

members. In an answer to defendants' initial motion for summary judgment, Makdessi raised additional claims, alleging that Sgt. King put a contract out on Makdessi's life; that Sgt. King has interfered with Makdessi's attempts to utilize the grievance procedures; and that Makdessi told Lt. Fields on December 20, 2010 (the day before Makdessi was sexually assaulted by his cell mate) that his life was in danger and he needed to be in protective custody.[2]

## II

An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

### A.

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Nussle, 534 U.S. at 532. Failure to exhaust all levels of administrative

---

[2] In his original complaint, Makdessi sued correctional officers King, Fields, and Gallihar. Later, he amended to name additional defendants: officers Timothy Sumpter, David Bellamy, Glen Boyd, Thomas Hall, Brandon Woodward, Clarence Shupe, and Dennis Sluss. The defendants have filed motions for summary judgment.

2

review within the time limits set by the procedures is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

The defendants bear the burden of proving that Makdessi failed to administratively exhaust his claims. Jones v. Bock, 549 U.S. 199, 212 (2007). Of course, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Macias v. Zenk, 495 F.3d 37, 44-45 (2d Cir. 2007) (finding that court could not determine on motion for summary judgment under § 1997e(a) whether officers' threats over an inmate's filing of grievances rendered these administrative remedies "unavailable" to the inmate) (citing other cases). The district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). Moreover, for purposes of the present motion, the court must side with Makdessi on any genuinely-disputed material fact. Anderson, 407 F.3d at 677. As a consequence, defendants are entitled to summary judgment on the basis of inexhaustion only if they can "show that the evidence is so one-sided that no reasonable factfinder could find that [the prisoner] was prevented from exhausting his administrative remedies." Hill v. O'Brien, 387 F. App'x 396, 399 (4th Cir. July 12, 2010) (unpublished) (reversing an award of summary judgment against a prisoner who claimed that prison officials had hindered his ability to file administrative grievances).

## B.

The Virginia Department of Corrections (VDOC) inmate grievance procedure, Division Operating Procedure (DOP) 866, sets forth the procedures an inmate must follow in order to exhaust the DOP's available remedies. Officials explain the DOP 866 procedures to each inmate

3

as he enters the VDOC, and a copy of the DOP is available for an inmate to review upon request. To exhaust his remedies, an inmate must first make a good faith effort to resolve the issue informally. If this process is unsuccessful, the inmate must then file a regular grievance within 30 days of the incident or official action he is challenging. At this Level I review of the procedure, the warden or his designee responds to the inmate's regular grievance. If the inmate fails to file the regular grievance within the allotted time, the grievance coordinator will reject it as untimely filed. The inmate can then appeal the intake decision. If the inmate is unsatisfied with the Level I response, he may appeal for Level II review by the Regional Director, and then on some issues, for Level III review by the VDOC Director or his designee. Staff responders have 30 days to issue a Level I response, and 20 days to issue a Level II or Level III response. If the inmate does not receive a response to his grievance or appeal at any stage of the grievance procedure before the applicable time limit expires, the grievance is automatically qualified for an appeal to the next available level of review.

Defendants present the affidavit of Ms. Ravizee, the Wallens Ridge grievance coordinator. She states that all inmates at Wallens Ridge have direct access to a grievance mailbox in their housing units and do not have to depend on correctional officers to handle their grievances. Ms. Ravizee also states that she and the operations officer periodically make rounds through the housing units to address any problems that inmates have experienced with grievances or other matters. She states that all Makdessi's claims are grievable under the VDOC's administrative remedy procedures. Her records indicate that Makdessi filed an informal complaint and an emergency grievance on December 26 and 28, 2010, respectively, in which he asserted that he feared for his life after being attacked. She finds no indication in her

4

records that Makdessi filed any regular grievances or appeals pertaining to any of the claims raised in his complaint or his amended claims.

In Makdessi's verified responses to defendants' motions, he asserts that he attempted to utilize the grievance procedures, but correctional or administrative officers lost, destroyed, or ignored his grievances. Makdessi states that Sgt. King, who had a key to the inmates' grievance mailboxes, "ordered [Makdessi] not to write any more grievances and called [him] names, and [King] said he had personal[l]y inter[c]epted [Makdessi's] grievances and trashed them." (ECF No. 35, p.7.) Makdessi states that King threatened him many times and " took out a contract on [Makdessi's] life." (Id.) According to Makdessi, he wrote to the grievance office to explain that someone was trashing his grievances and covering up the sexual assault incident and sent copies of his grievances to VDOC administrators, but no one investigated.

Makdessi submits a grievance response dated December 17, 2010, stating that the grievance office had not received a grievance Makdessi claimed to have filed on December 8, 2010. He claims that he refilled this grievance on December 18, 2010, three days before the alleged sexual assault incident. Finally, Makdessi alleges that because of head injuries he suffered during the beating and sexual assault on December 26, 2010, he has trouble remembering past events.

## C.

At this stage of the litigation, the court must take as true Makdessi's allegations that he was prevented from exhausting grievance remedies, or frightened away from pursuing such remedies, by Sgt. King's destruction of grievance forms, King's threats and orders to Makdessi not to file more grievances, and administrative officials' failure to investigate Makdessi's grievances. Because the defendants cannot support the affirmative defense of inexhaustion by

5

relying on a VDOC procedure which Makdessi has asserted was unavailable to him, the court cannot grant summary judgment for them under § 1997e(a) at this time. See Hill, 387 F. App'x at 400. The court will deny defendants' motions. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of January, 2012.

*/s/ Glen Conrad*
Chief United States District Judge