CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADIB EDDIE RAMEZ MAKDESSI, | ) |
| | ) Case No. 7:11CV00262 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| HAROLD W. CLARKE, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant(s). | ) |

By prior memorandum opinion and order, the court adopted the report and recommendation of the magistrate judge and granted judgment for the defendants. Makdessi v. Clarke, No. 7:11CV00262, 2017 WL 363014 and 2017 WL 385919 (W.D. Va. Jan. 24, 2017), aff'd, No. 17-6121, 2017 WL 6048835 (4th Cir. Dec. 7, 2017). Specifically, based on testimony and evidence presented at a two-part bench trial before the magistrate judge, the court agreed with and adopted the proposed findings of fact and conclusions of law and found "by a preponderance of the evidence that none of the defendants knew before Makdessi ran out of his cell on December 21, 2010, that housing him in the same cell with Smith presented a substantial risk that Smith would cause him serious harm." Id. at *5. The court of appeals affirmed, noting:

> To be sure, the evidence above often conflicts and paints a troubling picture, prompting both the district and magistrate judge to note that it is clear that Defendants should have been more diligent in handling Makdessi's claims of sexual assault . . . . But, deferring to the district court's credibility findings, the evidence at worst establishes that Defendants here knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. . . . This is insufficient to establish liability.

Makdessi, No. 17-6121, 2017 WL 6048835, at *6 (internal quotation marks and citations omitted).

Makdessi now moves for relief under Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure. Other parts of Rule 60 authorize the court to grant relief from judgment in limited circumstances. See, e.g., Fed. R. Civ. P. 60(b). Rule 60(d) provides that the rule as a whole "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

In his present motion under Rule 60(d), Makdessi contends that documents presented as plaintiff's exhibits during the bench trial definitively prove that certain defendants and their attorney lied to the court and that these defendants, in fact, violated Makdessi's constitutional rights. He demands for the judgment to be vacated and for judgment to be entered in his favor instead. The court has carefully reviewed Makdessi's motion and the referenced documentation, but finds no ground for the requested relief. Makdessi merely reemphasizes information already in the record and already taken into account by the magistrate judge and the court. Therefore, the court will deny Makdessi's motion. An appropriate order will issue herewith.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 27th day of February, 2018.

/s/ Glen Conrad
Senior United States District Judge